**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ricardo Macias-Ruiz, | ) | No. CV08-0840-PHX-DGC |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Michael   Chertoff,   Emilio   Gonzalez, | ) | |
| Robert S. Mueller, Robert J. Okin, Does 1- | ) | |
| 10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff has filed a complaint for hearing on his application for naturalization pursuant to 8 U.S.C. § 1447(b). Dkt. #1. Defendants have moved to remand the case to Citizenship and Immigration Services ("CIS") for further proceedings. Dkt. #7. The Court will grant the motion.

**I.     Background**

Plaintiff filed an application for naturalization with CIS on or about August 26, 2005. Dkt. #1 at 1. Plaintiff appeared for an interview and examination on March 14, 2006. *Id.* After the interview, Plaintiff submitted additional information requested by CIS, including a copy of his driver's license. Dkt. ##1 at 3; 1-2 at 3-5. On or about April 28, 2008, CIS sent Plaintiff a request for interview and re-examination in written English. Dkt. ##7-3, 11-2. Plaintiff filed his complaint in this Court on May 2, 2008, requesting a hearing to determine his application for naturalization. Dkt. #1 at 1-5.

1  **II.    Discussion**

2           Section 1447(b) permits an applicant for naturalization to apply for a hearing in

3  district court when, after expiration of 120 days following the applicant's examination

4  pursuant to § 1446, CIS fails to approve or deny the application for naturalization.  8 U.S.C.

5  § 1447(b).  The district court then has jurisdiction over the matter "and may *either* determine

6  the matter or remand the matter [to CIS], with appropriate instructions."  *Id.* (emphasis

7  added).  For the reasons stated below, the Court will remand this matter to CIS for further

8  proceedings.[1]

9           Although this Court has discretion to decide Plaintiff's application for naturalization,

10  district courts typically "should remand a case to an agency for decision of a matter that

11  statutes place primarily in agency hands."  *Immigration & Naturalization Serv. v. Ventura*,

12  537 U.S. 12, 16 (2002).   "[J]udicial deference to the Executive Branch is especially

13  appropriate in the immigration context."  *Immigration & Naturalization Serv. v. Aguirre-*

14  *Aguirre*, 526 U.S. 415, 425 (1999); *see also Ventura*, 537 U.S. at 16 (noting that the policy

15  favoring remand to executive agencies "has obvious importance in the immigration context").

16           As a general matter, district courts are not equipped to conduct the investigation

17  required to determine whether an applicant meets the requirements for naturalization.  *See,*

18  *e.g.*, *Mohammad v. Keisler*, 558 F.Supp.2d 730, 733 (W.D. Ky. 2008); *Ahmed v. Gonzales*,

19  509 F.Supp.2d 556, 560 (E.D. Va. 2007); *Imran v. Keisler*, 516 F.Supp.2d 967, 970 (S.D.

20  Iowa 2007).  In the context of this case, and assuming without deciding that a second written

21

22           [1]The Government does not appear to dispute jurisdiction, and this Court is in

23  agreement with the majority of district courts, including a case from this District, which hold
    that the 120-day period set forth in section 1447(b) begins to run from the date of the

24  applicant's initial interview, an interview that took place in this case on March 14, 2006,
    nearly three years ago. *See Khan v. Chertoff*, No. CV05-0560-PHX-SRB, 2006 WL 2009055

25  (D. Ariz. July 14, 2006) (finding that "the 120-day period begins to run after the *initial*

26  examination rather than after the conclusion of the entire examination process" (emphasis
    in original)); *Mostovoi v. Sec'y of the Dep't of Homeland Sec.*, No. CV06-6388-GEL, 2007

27  WL 1610209 (S.D.N.Y. June 4, 2007) (collecting cases holding that the initial interview date

28  triggers the 120-day period in section 1447(b)).

1    English examination is necessary to determine Plaintiff's eligibility for naturalization, this

2    Court is not in a position to conduct that examination, to establish criteria against which to

3    judge Plaintiff's performance, or to determine whether Plaintiff's performance on the exam

4    meets those criteria.  These are tasks for which CIS is specially suited.

5         In its motion to remand, the Government suggests that it is prepared to adjudicate

6    Plaintiff's case as follows: "(a) within 16 business days of . . . remand, the government will

7    issue an interview notice setting the date and time for the re-interview and examination;

8    (b) within 30 days of the date of the notice, the government will conduct an interview of

9    plaintiff and re-examine his English proficiency . . . .  The government will issue a decision

10   on the application within 16 business days of the date of the re-interview . . . ."  Dkt. #7 at

11   2.  The Court agrees in substance with the Government's proposed course of action and

12   therefore remands this matter to CIS for proceedings in conformance that course.

13        **IT IS ORDERED:**

14        1.    The Government's motion to remand (Dkt #7) is **granted**, and this action is

15              hereby **remanded** to CIS for further proceedings consistent with paragraphs

16              2 through 4 below.

17        2.    The Government is directed to issue an interview notice scheduling Plaintiff's

18              interview and re-examination in written English within 16 business days of the

19              date of this order.

20        3.    The Government is directed to conduct Plaintiff's interview and re-

21              examination within 30 calendar days of the date of the interview notice, and

22              Plaintiff is directed to appear for the interview as scheduled.

23        4.    The Government is further directed to issue a final decision on Plaintiff's

24              application for naturalization within 16 business days following the date of

25              Plaintiff's interview and re-examination.

26

27

28

5.      The Clerk is directed to terminate this action.

DATED this 23rd day of February, 2009.

_____
David G. Campbell
United States District Judge